UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARQUIS HEALTH CONSULTING SERVICES, LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTOPHER SAVINO**,<br><br>Defendant. | Civil Action No. 25-12100 (ZNQ) (JBD)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR PRELIMINARY INJUNCTION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction filed by employer Plaintiff Marquis Health Consulting Services LLC ("Marquis Health"). ("Motion," ECF No. 4.)  Marquis Health seeks an order enforcing a restrictive covenant contained in an "Agreement Against Unfair Competition" (the "Agreement") against former employee Defendant Christopher Savino ("Savino").[1]  The Court conducted a telephonic case management conference with the parties on July 1, 2025.  The parties filed a series of submissions related to the Motion for TRO/PI.  (ECF Nos. 4-1, 15-1 through 15-3, 16, 18–20.)  Having considered the parties' submissions,

**IT IS** on this **3rd** day of **July 2025**, for the purposes of deciding this application for a TRO, and based on the limited record before the Court, determined that:

1. Marquis Health has established a likelihood of success on the merits of its breach of contract claim.  A post-employment restrictive covenant is enforceable in New Jersey

---

[1] The Motion raised other issues and sought other relief, but during the case management conference, the parties advised that they had narrowed the dispute before the Court on the TRO Motion to a non-compete term.  (*See* between ECF Nos. 13 and 14.)

1

"where it simply protects the legitimate interests of the employer, imposes no undue hardship on the employee, and is not injurious to the public." *Campbell Soup Co. v. Desatnick*, 58 F. Supp. 2d 477, 489 (D.N.J. 1999); *Schuhalter v. Salerno*, 653 A.2d 596 (N.J. App. Div.), *cert. denied,* 663 A.2d 1361 (1995). Courts also consider the covenant's scope, duration, and geographical limits. *Id.* Here, the Court finds that the restrictive covenant in the form of a non-compete agreement protects Marquis Health's legitimate business interests, is reasonable in time, scope, and geographic limit, and is not injurious to the public. *See Heartland Payment Sys., LLC v. Volrath*, Civ. No. 17-5323, 2017 WL 6803519, at *5 (D.N.J. Dec. 31, 2017); *A.T. Hudson & Co. v. Donovan*, 524 A.2d 426, 434 (App. Div. 1987); *Sunbelt Rentals, Inc.*, Civ. No. 20-17611, 2021 WL 82370, at *15 (D.N.J. Jan. 11, 2021); *Acteon, Inc. v. Harms*, Civ. No. 20-14851, 2020 WL 6694411, at *11 (D.N.J. Nov. 6, 2020);

2. Marquis Health will suffer immediate and irreparable harm if a TRO is not issued because there is irreparable harm when, like here, an employee terminates his or her employment and begins working for a direct competitor. *See Heartland Payment Sys., LLC v.*, 2017 WL 6803519, at *8;

3. The balance of the equities favor Marquis Health. *See Heartland Payment Sys., LLC*, 2017 WL 6803519, at *9; *HR Staffing Consultants LLC v. Butts*, 627 F. App'x 168, 171 (3d Cir. 2015);

4. Marquis Health does not have an adequate remedy at law;

5. The public interest favors granting the TRO because enforcing valid contracts between sophisticated parties is generally favored. *See HR Staffing*, 627 F. App'x at 174; *Saturn Wireless Consulting, LLC, v. Aversa*, Civ. No. 17-1637, 2017 WL 1538157, at *18

(D.N.J. Apr. 26, 2017) (enforcing restrictive covenants serves the public interest by promoting stability and certainty in business and employment relationships); *Sunbelt Rentals, Inc.*, 2021 WL 82370, at *23.

**IT IS** therefore hereby **ORDERED** that:

1. Marquis Health's Motion for a TRO (ECF No. 4) is hereby **GRANTED**;

2. Marquis Health may enforce the restrictive covenant contained in the Agreement between the parties;

3. Savino is **ENJOINED** from improperly competing with Marquis Health in violation of the Agreement by providing services to Atlas within 50 miles of any facility for which he provided services on behalf of Marquis Health during the last two years of his employment for a period of eighteen (18) months from the date of entry of this Order;

4. Marquis Health shall post security in the amount of **$60,000** with the Clerk of Court by no later than **July 8, 2025 at 5:00 p.m.**;

5. The parties shall continue to meet regarding Marquis Health's Motion to Expedite Discovery (ECF No. 5); the parties shall update the Court in a joint letter by no later than **July 9, 2025** with a proposed scheduling order for discovery in preparation for the preliminary injunction;

6. A hearing on Marquis Health's Motion for a Preliminary Injunction shall be held on the **20th day** of **August 2025** at **10:00 a.m.** before the undersigned; by no later than **July 11, 2025**, the parties will meet and confer and submit a proposed schedule for any supplemental briefing; one week prior to that hearing, the parties shall submit a proposed schedule for the hearing including: the time required, the names of witnesses; and a brief summary of their anticipated testimony;

7. The parties shall in the meantime continue to meet and confer to seek resolution of this matter; and

8. This TRO shall remain in effect pending a decision by the Court on the Motion for a Preliminary Injunction.

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**